Law Offices of
Ken
Hi

Main Office: 6000 North Bailey Aven
Telephone: (716) 564-328
Toll Free Numbe
www.kenn

Application granted in part. The time to complete discovery is extended to May 16, 2024. Fact discovery shall be completed by March 14, 2024, and expert and all discovery shall be completed by May 16, 2024. The time for the parties to file a joint letter concerning settlement/mediation is extended to March 28, 2024. The case management conference scheduled for April 3, 2024 is adjourned to July 2, 2024 at 11:00 a.m. Defendant shall serve supplemental responses to discovery demands together with document production and any necessary privilege log by January 2, 2024. To the extent Defendant intends to conduct fact discovery, it shall serve requests for production, interrogatories, and any notices of deposition by December 14, 2023. To the extent discovery disputes remain that require Court intervention following Defendant's service of supplemental responses and document production, Plaintiff may renew its request for a conference by filing a new joint discovery dispute letter in accordance with the Court's Individual Practices.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
November 30, 2023

November 29, 2023

Honorable Philip M. Halpern
The Hon. Charles L. Brieant, Jr.
Federal Building and Unites States Courthouse
300 Quarropas Street
White Plains, NY 14601-4150

Re: Dallas Van Dunk v. Experian Infor
Case No. 7:23-cv-3573-PHM

Dear Judge Halpern:

I represent the Plaintiff in this action. A against Defendants Experian Information Solutions, Inc., Equifax Information Systems, LLC, and Trans Union, LLC. Plaintiff is finalizing the details of those settlements, and is hopeful they result in the dismissal of those claims in short order. As such, the only remaining Defendant in this case is Synchrony Bank.

As detailed below, there are number of matters that Plaintiff believes require Court intervention. The following is a joint statement agreed upon by counsel for Plaintiff and Defendant Synchrony Bank.

**1. Plaintiff's Outstanding Discovery Demands.**

Plaintiff served discovery demands, including Interrogatories and Requests for Production of Documents on counsel for Synchrony Bank on August 25, 2023. On September 26, 2023, the undersigned granted Synchrony Bank an extension to respond to Plaintiff's discovery demands until October 16, 2023.



On October 16, 2023, Synchrony Bank provided Plaintiff with copies of his credit reports from 2023 that they had in their possession.

On October 17, 2023, counsel for Synchrony Bank emailed the undersigned responses to Plaintiff's discovery demands.  Plaintiff maintains that Synchrony's responses were completely non-responsive to Plaintiff's discovery demands.  No documents were provided.  No answers were provided to Plaintiff's Interrogatories.  Boilerplate objections were made to all of the demands.  In their objections, Synchrony frequently noted the lack of a protective order as a ground for their refusal to fully respond.  A copy of the demands and Synchrony Bank's responses are attached as Exhibits A and B.

On November 1, 2023, this Court entered a stipulated Confidentiality Agreement and Protective Order.

On November 9, 2023, Plaintiff served a Notice to Take Deposition of Synchrony Bank's corporate representative.  The deposition is scheduled to take place on December 12, 2023.  Plaintiff does not wish to proceed with the deposition until Synchrony Bank provides full responses have been provided by Synchrony Bank to Plaintiff's discovery demands. Since Synchrony Bank has not done so to date, it appears likely that the deposition will have to be postponed.

On November 6, 2023, the undersigned spoke to counsel for Synchrony Bank.  During that telephone call, the undersigned informed Synchrony's counsel that if they did not amend and serve their discovery responses on or before November 14, 2023, that Plaintiff would file a


Motion to Compel. This was confirmed by email on the same date. No amended responses have been received to date.

Plaintiff believes that Synchrony Bank's discovery responses are improper boilerplate, and wholly insufficient. Objections to Interrogatories served pursuant to Fed.R.Civ P. 33, and to document requests made pursuant to Fed.R.Civ.P 34 must state with specificity the grounds and reasons for the objection. Boilerplate objections to Interrogatories that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse. *Harris v. Bronx Parent Hous. Network, Inc.*, 020 WL 763740, at *2 (S.D.N.Y. 2020) (citing *Jacoby v. Hartford Life and Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y. 2009). In addition, while Synchrony repeatedly states that it will supply documents responsive to the Interrogatories, no such documents have ever been provided.

With respect to Plaintiff's Rule 34 Requests for Production of Documents, Courts in this district have found boilerplate objections improper and can result in the striking of all objections except those grounded in privilege. *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 2020 WL 9460649, at *2 (S.D.N.Y. 2020). In addition, any objection to a document request must "state whether any responsive materials are being withheld on the basis of that objection." *Id.*

Plaintiff's position is that Synchrony Bank should be compelled to answer all of Plaintiff's Interrogatories, and provide all documents requested except those protected by privilege. With respect to any documents alleged to be protected by privilege, Synchrony should be required to provide a privilege log.



Defendant's position is that Plaintiff has been very cooperative with Defendant in extending discovery deadlines while the parties engaged in good faith efforts to resolve this matter prior to additional court intervention. While the parties will continue to engage in settlement discussion, due to the discussions not progressing to a point of resolution, Defendant acknowledges that supplemental responses are now due as discussed with Plaintiffs attorney. Since Plaintiff is requesting a 90 day extension of fact discovery (*see* below), Defendant would request a 30 day deadline to ensure all supplemental answers and documents are produced.

**2.      Plaintiff's Request to Extend Discovery Deadlines**

Plaintiff requires an extension of the discovery and other deadlines.  As noted above, no meaningful discovery has been provided by Synchrony Bank in response to Plaintiff's discovery demands.

In addition, Plaintiff needs to depose and obtain documents from the mortgage lender who denied Plaintiff's mortgage.  This testimony and documents are necessary in order for Plaintiff to prove his case.  Plaintiff must show that there was an adverse action as a result of the erroneous credit reporting alleged to have been done by Synchrony Bank.

Towards that end, Plaintiff served a subpoena for a deposition of Go Mortgage, LLC as well as to provide documents.  The deposition is currently returnable on December 6, 2023.  However, counsel for Go Mortgage has indicated that they do not intend to comply with the subpoena.  As such, the undersigned will need to file a Motion to Compel in the Southern District of Ohio, the district in which Go Mortgage is located.

Plaintiff therefore requests that deadline for Plaintiff to conduct Fact Discovery of parties and non-parties be extended for 90 days, and that all other deadlines be extended as well.

Synchrony Bank has served no discovery demands upon Plaintiff despite the October 27, 2023 deadline to do so imposed by the Court, nor have they sought to depose Plaintiff. Plaintiff's position is that no extension should be provided to Synchrony Bank to conduct fact discovery of parties or non-parties due to their non-compliance with the orders of this Court. Plaintiff also requests that all expert deadlines and deadlines for settlement discussions and/or medication should likewise be extended 90 days.

Defendant's position is that Plaintiff has been very cooperative with Defendant in extending discovery deadlines while the parties engaged in efforts to resolve this matter prior to additional court intervention. While both parties engaged in good faith efforts, Plaintiff and Synchrony Bank have not yet been able to come to an agreement. Based upon Plaintiff's cooperation while settlement negotiations carried on, Synchrony Bank does not have any objections to the discovery deadlines being extended so that Plaintiff may seek discovery from GO Mortgage and for Synchrony to supplement its discovery responses to Plaintiff. Due to Plaintiff's filing of an Amended Complaint which includes new substantive facts not found in the original Complaint, Synchrony requests that fact discovery deadlines be extended for all parties. Synchrony believes this will aid both parties in further settlement discussions.

The parties respectfully requested that the Court schedule a conference to address these issues.

Very truly yours,

Kenneth R. Hiller

Cc: Aalok J. Karambelkar, Esq. via ecf
Aaron Brooks, Esq. via email